UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ASHLEY MARIE JENKINS,

    Plaintiff,

v.                                            Case No. 1:25-cv-230-AW/MJF

BRIAN KEITH AIGNER, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, commenced this civil action pursuant to 42 U.S.C. § 1983 against seven defendants. The District Court advised Plaintiff that her original complaint was a so-called "shotgun pleading" and ordered Plaintiff to replead her claims. Doc. 20. Plaintiff filed an amended complaint, Doc. 21, but the amended also violates Rule 8(a) of the Federal Rules of Civil Procedure and contains multiple frivolous claims. The District Court, therefore, should dismiss this civil action.

### DISCUSSION

**A.   Plaintiff Failed to Comply with the Federal Rules**

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to

Page 1 of 8

relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b). "A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Toth v. Antonacci*, 788 F. App'x 688, 690 (11th Cir. 2019) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). A district court that receives a shotgun pleading must *sua sponte* give a plaintiff "one chance to replead." *Id.* at 1296. But once a *pro se* litigant has been given that opportunity to remedy the deficiencies and squanders the opportunity by filing another shotgun pleading, the district court has the authority to dismiss the complaint on shotgun pleading grounds. *Id.* at 1295; *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001); *see also Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power

to dismiss a complaint for failure to comply with a court order.") (citations omitted).

Plaintiff's complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015). For example, Plaintiff alleges that Defendant Aigner violated a provision of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 931. Doc. 21 at 17. Plaintiff fails to allege any facts that would indicate the Act is applicable to her case, however.

Plaintiff also fails to separate each cause of action or claim for relief into a different count. *Id.* at 1323. Instead, she lumps several claims in one count and fails to provide sufficient facts to support each claim. Thus, the complaint violates the rules of civil procedure (Rule 8 or 10 or both) and fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

The District Court provided Plaintiff the opportunity to file an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Doc. 20. Plaintiff failed to comply with that order and instead filed another impermissible "shotgun pleading."

Because Plaintiff failed to comply with the District Court's order and failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, the District Court should dismiss this civil action.

### B. Plaintiff Asserts Several Legally Frivolous Claims

In addition to Plaintiff's violation of the Rules of Civil Procedure discussed above, Plaintiff asserts multiple frivolous claims. For this reason too, the District Court should dismiss Plaintiff's frivolous claims.

A court may dismiss a claim as frivolous if the claim lacks an arguable basis in law. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). That is, a district court may dismiss a claim as frivolous when it "is based on an indisputably meritless legal theory" or when the complaint asserts an "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327–28.

#### 1. *Criminal Statutes*

Plaintiff asserts claims under multiple federal *criminal statutes*, including 10 U.S.C. § 917a;[1] 18 U.S.C. §§ 112, 241, 242, 373, 1001, 1203,

---

[1] 10 U.S.C. § 917(a) provides that a member of the armed forces may be court-martialed for the wrongful broadcast or distribution of intimate

1512, 1513 1519, 2236; 22 U.S.C. § 612; 33 U.S.C. § 931; and 34 U.S.C. § 12601. Doc. 21 at 14, 15, 17, 21, 22, 24, 26. These federal criminal statutes do not create private causes of action. *Djonovic v. Septer*, No. 24-1284, 2025 WL 1005122, at *2 (6th Cir. Mar. 6, 2025) (18 U.S.C. §§ 241 and 242 and 34 U.S.C. § 12601); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (18 U.S.C. §§ 241 and 242); *Moni v. Volusia Cnty., Corp.*, 717 F. App'x 976, 977 (11th Cir. 2018) (18 U.S.C. § 242); *Cok v. Consentino*, 876 F.2d 1, 2 (1st Cir. 1989) (18 U.S.C. §§ 241 and 242); *Tucker v. Elk City Police Dep't*, No. 22-6023, 2022 WL 2165508, at *1 (10th Cir. June 16, 2022) (34 U.S.C. § 12601); *Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 471 (11th Cir. 2013) (per curiam) (18 U.S.C. § 1001); *Lichtenberg v. Sec'y of the Navy*, 627 F. App'x 916, 917 (11th Cir. 2015)(per curiam)(18 U.S.C. § 1001); *Smith v. Fam. Dollar, Inc.*, No. 2:24-CV-620-MHT-KFP, 2025 WL 1062647, at *2 (M.D. Ala. Mar. 20, 2025), *report and recommendation adopted sub nom. Smith v. Fam. Dollar Stores, Inc.*, No. 2:24-CV-620-MHT, 2025 WL 1057686 (M.D. Ala. Apr. 8,

---

visual images. "The articles of the UCMJ, however, pertain only to members of the armed forces." *United States v. Mariea*, 795 F.2d 1094, 1100 (1st Cir. 1986). Plaintiff does not allege that any Defendant is a member of the U.S. military. Regardless, this provision also does not create a private cause of action.

2025) (18 U.S.C. § 1512); *Compton v. Alpha Kappa Alpha Sorority, Inc.*, 80 F. Supp. 3d 23, 28 (D.D.C. 2015), *aff'd*, 639 F. App'x 3 (D.C. Cir. 2016); *El v. People's Emergency Ctr.*, 315 F. Supp. 3d 837, 843 (E.D. Pa. 2018) (18 U.S.C. § 112); *Salazar v. Burresch*, 47 F. Supp. 2d 1105, 1115 (C.D. Cal. 1999) (18 U.S.C. § 112); *Raines v. Hollingsworth*, No. CIV. 08-1016-KES, 2009 WL 3233430, at *19 (D.S.D. Sept. 28, 2009) (18 U.S.C. § 1203); *Bey v. La Casse*, No. 20-CV-9171 (LLS), 2021 WL 1143690, at *9 (S.D.N.Y. Mar. 22, 2021) (18 U.S.C. § 1203*); Dvoinik v. Rolff*, No. 8:23-CV-0623-KKM-CPT, 2023 WL 3276398, at *2 (M.D. Fla. May 5, 2023) (22 U.S.C. § 612) (collecting cases); *Lundgren v. Universal Wilde*, 384 F. Supp. 3d 136 (D. Mass. 2019) (18 U.S.C. §§ 241, 1519, 1001, 1512); *Shahin v. Darling*, 606 F. Supp. 2d 525, 539 (D. Del.), *aff'd*, 350 F. App'x 605 (3d Cir. 2009) (18 U.S.C. § 1513).

Accordingly, Plaintiff's claims predicated on these criminal statutes are indisputably meritless, and the District Court should dismiss these claims.

### 2. *Federal Freedom of Information Act and HIPPA*

Plaintiff also asserts that Defendants violated the Freedom of Information Act and the Health Insurance Portability and Accountability

Act of 1996. Doc. 21 at 14 (citing 5 U.S.C. § 552), 17 (citing HIPPA). FOIA, however, does not create a private cause of action against employees of a State or any municipality. *Blakenship v. Claus*, 149 F. App'x 897, 898–99 (11th Cir. 2005); *accord Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005). HIPPA also does not create a private cause of action against States or municipalities. *Crawford v. City of Tampa*, 397 F. App'x 621, 624 (11th Cir. 2010) (citing *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006)).

Because Plaintiff's claims under FOIA and HIPPA are based on meritless legal theories, the District Court should dismiss these claims.

## CONCLUSION

Because Plaintiff's complaint violates the Federal Rules of Civil procedure, and because Plaintiff has asserted numerous frivolous claims, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola Florida, this <u>18th</u> day of September 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**